DAUKSCH, Judge.
This is an appeal from an alcoholic beverage license suspension order.
The evidence against appellants was that agents of the department procured a twenty year-old woman to go into appellant’s store and buy beer. The legal age for the purchase of the beer is twenty-one years. Appellant Alfonzo was talking to another person at the time about radiation treatments the two were undergoing for their respective cancers. The woman interceded in the conversation, bought the beer and left. Alfonzo failed to check her identification and thus was accused of the violation. At the hearing the department found that appellants had a twelve-year violation-free record which “indicates a conscientious and diligent effort to operate [their] establishment in conformity with the beverage laws.”
Considering the evidence and the department’s findings, it was error to have suspended appellants’ license. Surf Attractions, Inc. v. Dep’t of Business Regulation, Div. of Alcoholic Beverages & Tobacco, 480 So.2d 1354 (Fla. 1st DCA 1985), rev. den., 492 So.2d 1331 (Fla.1986); Pic N’ Save Cent. Florida, Inc. v. Dep’t of Business Regulation, Div. of Alcoholic Beverages & Tobacco, 601 So.2d 245 (Fla. 1st DCA 1992). There was absolutely no evidence of knowledge or wilfulness or lack of due diligence or flagrant or chronic misconduct. See also Taylor v. State Beverage Dept., 194 So.2d 321 (Fla. 2d DCA), cert. den., 201 So.2d 464 (Fla.1967). When the government seeks to penalize, it should exercise wisdom, not arbitrariness, to the end of correction and prevention, rather than the exaetment of retribution. Given the exemplary history of appellants, the circumstances of the incident and the actions of the agents, it was clearly error to have suspended appellants’ license of appellants.
ORDER REVERSED.
W. SHARP, J., concurs.
COBB, J., dissents, with opinion.